UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALLEGRA JACKSON,

        Plaintiff,     :

v.                             Case No. 2:24-cv-4089
                               Chief Judge Sarah D. Morrison
                               Magistrate Judge Kimberly A.
THE OHIO STATE UNIVERSITY       Jolson
WEXNER MEDICAL CENTER,   :

        Defendant.

## OPINION AND ORDER

This matter is before the Court on The Ohio State University Wexner Medical Center's (WMC) Motion for Partial Judgment on the Pleadings as to Count II of Allegra Jackson's Amended Complaint. For the reasons below, WMC's Motion is **GRANTED**.

I.    BACKGROUND

Ms. Jackson, who is African American and over the age of 40, is a registered nurse who at all relevant times was employed by WMC. (Am. Compl. ¶¶ 4, 8, ECF No. 24.) After WMC hired a younger, less experienced, white woman to fill an RN position that Ms. Jackson applied and interviewed for, she submitted charges of unlawful race and age discrimination to the EEOC and received a Notice of Right to Sue. (Am. Compl. ¶¶ 21–31.) Ms. Jackson then filed her Complaint against WMC in this Court, alleging race discrimination in violation of Title VII and age

discrimination in violation of the Age Discrimination Employment Act of 1967 (ADEA).

WMC moved for judgment on the pleadings as to Ms. Jackson's ADEA claim, arguing that it is protected by sovereign immunity. (Mot. J. Pleadings, ECF No. 17.) Ms. Jackson moved to amend her Complaint, substituting her ADEA claim for an age discrimination claim under Ohio Revised Code §§ 4112.02 and 4112.14. (Mot. to Amend, ECF No. 20.) The Court granted the motion. (Order, ECF No. 23.) WMC filed its Answer to Ms. Jackson's Amended Complaint, and again moved for judgment on the pleadings as to Count II, the Ohio law claim, arguing that it is protected by sovereign immunity as to that claim. (Mot. J. Pleadings, ECF No. 28.) Ms. Jackson did not respond to WMC's Motion. The matter is now ripe for consideration.

## II. ANALYSIS

Eleventh Amendment immunity, or sovereign immunity, prevents Ohio citizens from suing the State, or arms of the State, in federal court unless Congress has explicitly abrogated the immunity or Ohio has waived it. *Dendinger v. Ohio*, 207 F. App'x 521, 529 (6th Cir. 2006). Congress has not abrogated, and Ohio has not waived its sovereign immunity to state law claims, including claims for violations of Ohio Rev. Code § 4112 *et seq. McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012).

WMC, which is part of The Ohio State University, is considered an arm of the State. *Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 WL 1456988, at *3 (S.D.

Ohio Sept. 27, 2000) (Marbley, J.). It cannot be sued in this Court for violations of Ohio law.

### III. CONCLUSION

Per the foregoing analysis, WMC's Motion is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**